UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICIA WONSER, | CASE NO. C14-5818 RJB |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN W. COLVIN, | |
| Defendant. | |

This matter comes before the Court on review of the file herein.

**Procedural History.** On October 15, 2014, Plaintiff filed this civil action, alleging that the Social Security Administration improperly denied her application for disability insurance when the ALJ failed to properly consider the opinion of Ann Cull, MSW, Plaintiff's therapist, and Jeffrey Collins, M.D., one of Plaintiff's treating physicians, and failed to give specific and legitimate reasons for rejecting the opinion of examining psychiatrist Clifford Tartalia, M.D.

**Basic Data.** Born in 1974, Plaintiff has prior work experience as a cashier, fast food worker, and busser. She has a General Education Diploma ("GED") and some college education.

ORDER- 1

**ALJ Decision**.  The ALJ found:  (1) that Plaintiff met the insured status requirements of the Social Security Act; (2) that Plaintiff had not engaged in substantial gainful activity since July 17, 2012, the amended alleged onset date; (3) that Plaintiff suffered from the following severe impairments: obesity, diabetes mellitus, degenerative disc disease, affective disorder, and anxiety disorder; that the impairments, even in combination, did not qualify under the Listings; (4) that Plaintiff has the residual functional capacity:

> to perform light work as defined in 20 CFR 416.967(b) with some additional limitations. The claimant can stand and walk for about six hours and sit for more than six hours with normal breaks and can lift, carry, push and pull within light exertional limits. She can never climb ladders, ropes or scaffolds, can frequently crouch, and can occasionally stoop, kneel and crawl.  The claimant can frequently handle and finger.  She can perform work in which concentrated exposure to hazards is not present. In order to meet ordinary and reasonable employer expectations regarding attendance, workplace behavior and production, the claimant can understand, remember, and carry out unskilled, routine and repetitive work.  She can work in proximity to co-workers, but not in a team or cooperative effort. The claimant can perform work in which direct service to the general public is not required, but other incidental contact is not precluded;

that she could not perform any past relevant work; and lastly, (5) that Plaintiff could perform other work existing in the national economy, such as house keeper, production assembler, and electronics assembler.  AR 12-26.

**Legal Standard.**  The findings of the Secretary of the Social Security Administration are conclusive (42 U.S.C. § 405(g)), and the decision of the Secretary to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

**Discussion.**

*1. Medical Opinion Evidence*.  The ALJ erred in rejecting the opinions of Plaintiff's treating physician and an examining physician.

1 **Treating Physician**. The ALJ did not provide clear and convincing reasons for failing to
2 adopt all Plaintiff's treating physician's (Jeffrey Collins, M.D.) June 25, 2013 opinion regarding
3 her limitations.

4 The opinion at issue is contained in a form, entitled "Mental Functional Capacity
5 Assessment," filled out and signed by Plaintiff's long time therapist, Ann Cull, MSW, of Kitsap
6 Mental Health, and which was also signed by Dr. Collins (who also treated Plaintiff at Kitsap
7 Mental Health) under a line which read: "I have reviewed the preceding and agree with the
8 assessment." AR 577. Based on this endorsement, the form is from an "acceptable medical
9 source," a treating physician.

10 As to every question asked, this form indicated that Plaintiff was "markedly limited,"
11 defined on the form as "[i]n a vocational setting, the individual cannot be expected to function
12 independently, appropriately, and effectively, in the designated area on a regular and sustained
13 basis, i.e. 8 hours a day, for 5 days a week, or equivalent work schedule." AR 574-577.

14 The ALJ did not accept several of the limitations contained in the form. For example, the
15 ALJ did not accept Dr. Collins' and Ms. Cull's opinions that Plaintiff was "markedly limited" as
16 to her ability to "remember locations and work-like procedures," "understand and remember
17 very short and simple instructions," "carry out short and simple instructions," "perform activities
18 within a schedule, maintain regular attendance and be punctual within customary tolerances,"
19 "sustain an ordinary routine without special supervision," "make simple work-related decisions,"
20 or "complete a normal workday and workweek without interruptions from psychologically based
21 symptoms and to perform at a consistent pace without an unreasonable number and length of rest
22 periods." AR 574-575. By way of further example, she did not accept Dr. Collins' and Ms.
23 Cull's opinions that Plaintiff was "markedly limited" in her ability to "ask simple questions or
24

request assistance," "get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes," or "respond appropriately to changes in the work setting." AR 575-576.

The ALJ stated that she gave "no weight" to this opinion because she mistakenly assumed it came only from Ms. Cull and failed to realize that it was also from Dr. Collins. Although the Defendant argues that, in any event, the ALJ did address this evidence, that is not wholly clear. The ALJ mentions "Exhibit 9F" which includes two documents: Ms. Cull's "Report for Claim of Disability Due to Mental Impairment" and Dr. Collins and Ms. Cull's "Mental Functional Capacity Assessment." AR 570-577. The ALJ states that she gave "Exhibit 9F" "no weight" because it was (1) "wholly inconsistent with the claimant's reported activities and demonstrated abilities," and (2) the notation of four episodes of decompensation are not found elsewhere in record. AR 23-24.

Neither of these reasons provide a basis to reject Dr. Collins' and Ms. Cull's opinions found in the "Mental Functional Capacity Assessment." As to the first reason that ALJ gives, that Plaintiff's activities are inconsistent with Dr. Collins' and Ms. Cull's opinion, the ALJ points to Plaintiff's "going out in public for numerous reasons" and cares for herself and her children. AR 23. There is no showing that these activities are transferable to a work setting, particularly as defined in the form as "function independently, appropriately, and effectively, in the designated area on a regular and sustained basis, i.e. 8 hours a day, for 5 days a week, or equivalent work schedule." As to the ALJ's second basis for rejecting this opinion, it appears that the ALJ was not referring to Dr. Collins' and Ms. Cull's "Mental Functional Capacity Assessment" (AR 574-577), but to Ms. Cull's "Report for Claim of Disability Due to Mental Impairment" (AR 570-573). The opinion regarding decompensation is only in Ms. Cull's

1 "Report for Claim of Disability Due to Mental Impairment," (AR 573) and does not provide a
2 basis to reject the Dr. Collins' and Ms. Cull's "Mental Functional Capacity Assessment" (AR
3 574-577). The ALJ failed to properly assess this medical evidence.

4       **Examining Physician**. The ALJ failed to provide clear and convincing reasons for not
5 adopting Plaintiff's examining psychiatric physician, Clifford Tartalia, M.D.'s opinion regarding
6 Plaintiff's limitations. In August of 2012, Dr. Tartalia opined that Plaintiff's "phobic, obsessive
7 features, and anxiety would interfere with her ability to interact with coworkers and deal with the
8 public." AR 420 - 421. He opined that she "appears to be unable to perform work activities on a
9 consistent basis without special or additional instruction," and that "[s]uch efforts, however,
10 would be untimely at present and again likely to precipitate more psychopathology." AR 421.
11 He noted that she "appears to be unable to maintain regular attendance in the workplace,
12 complete a normal workday or workweek without significant interruptions due to her psychiatric
13 conditions." *Id.* Dr. Tartalia further opined that she "has markedly decreased stress tolerance
14 and her other psychiatric issues preclude her from dealing adequately with the usual stresses
15 encountered in the workplace." *Id.* He concluded that she "appears to be moderately severely
16 impaired." *Id.*

17       The ALJ rejected Dr. Tartalia's opinions regarding certain of Plaintiff's limitations
18 because the limitations were: (1) "inconsistent with his clinical findings" and appear to be based
19 on subjective reports, and (2) inconsistent with Plaintiff's demonstrated abilities. AR 23.
20 Plaintiff properly points out that under *Ryan v. Commissioner*, 528 F.3d 1194, 1199-1200 (9th
21 Cir. 2008), an ALJ does not provide clear and convincing reasons for rejecting an examining
22 physician's opinion by questioning the patient's complaints where the doctor did not discredit
23 those complaints and supported his opinion with his own observations. Here, Dr. Tartalia
24

supported his opinion with his own observations and he did not discount Plaintiff's subjective complaints. In regard to the second basis for rejecting Dr. Tartalia's opinions, as stated above, there is no showing that these "demonstrated abilities" are transferable to a full time work setting. The ALJ failed to provide a sufficient basis to reject Dr. Tartalia's opinions and certainly did not point to clear and convincing reasons to reject his opinion.

**Conclusion on Assessment of Medical Evidence**. The ALJ failed to properly assess the medical evidence.

*2. Other Jobs in National Economy*. The ALJ failed to meet the burden of showing that there were other jobs in the national economy that Plaintiff could perform on a regular and sustained basis. The ALJ failed to properly assess the medical evidence, and as a consequence, it is unclear whether her assessment of Plaintiff's residual functional capacity and her questions to the vocational expert accurately reflected all Plaintiff's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Consequently, the ALJ has failed to carry her burden at step five. The matter should be remanded to the Commissioner for further proceedings consistent with this opinion.

Accordingly, it is hereby **ORDERED** that:

The Commissioner's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion**.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of March, 2015.

_____
ROBERT J. BRYAN
United States District Judge